JS 44 (Rev. 10/20)

CIVIL COVER SHEET

Case 2:22-cv-03244-CSMW   Document 1   Filed 08/15/22   Page 1 of 13

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Antoinette Mauldin
265 North Lansdowne Ave, Apartment 1
Lansdowne, PA 19050

**(b)** County of Residence of First Listed Plaintiff    Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**DEFENDANTS**

Wawa, Inc.
8240 West Chester Pike
Upper Darby, PA 19082

County of Residence of First Listed Defendant    Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0131

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 2000e et seq

Brief description of cause:
VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   8/15/2022

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Antoinette Mauldin | : | CIVIL ACTION |
| v. | : | |
| Wawa, Inc., et al | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X )

| | | |
|---|---|---|
| 8/15/2022 | Graham F. Baird | Antoinette Mauldin |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | GrahamB@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __265 North Lansdowne Ave, Apartment 1, Lansdowne, PA 19050__

Address of Defendant: __8240 West Chester Pike, Upper Darby, PA 19082__

Place of Accident, Incident or Transaction: __8240 West Chester Pike, Upper Darby, PA 19082__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __8/15/2022__   _____   __92692__
                         *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Graham F. Baird__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __8/15/2022__   _____   __92692__
                         *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | |
|---|---|
| ANTOINETTE MAULDIN | : |
| 265 North Lansdowne Ave, Apartment 1 | : |
| Lansdowne, PA 19050 | : |
| | : |
|      Plaintiff, | : |
| | : |
|      v. | : |
| | : |
| WAWA, INC. | : |
| 8240 West Chester Pike | : |
| Upper Darby, PA 19082 | : |
| | : |
| And | : |
| | : |
| WAWA, INC. | : |
| 260 W. Baltimore Pike | : |
| Media, PA 19063 | : |
| | : |
|      Defendants | : |

JURY DEMANDED

_____

## CIVIL ACTION COMPLAINT

**I.  Parties and Reasons for Jurisdiction.**

1.      Plaintiff, ANTOINETTE MAULDIN (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.      Defendant, WAWA, INC. is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania, and having a principal place of business at the above captioned address.

3.      Defendant, WAWA, INC. is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and owning, operating and doing business at the above captioned address. Both Defendants are hereinafter referred to as "Defendants."

1

4.      At all times material hereto, Defendants, acting together, in concert, by and on each other's behalf.  At all times material hereto, Defendants were Plaintiff's employer(s).

5.      Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act.  (See Exhibit A, true and correct copies of two "right-to-sue" letters issued by the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission).

6.      This action is instituted for violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000 et seq.)  Plaintiff was constructively terminated, subjected to a sexually hostile work environment and subjected to retaliation after complaining of sexual harassment.

7.      Jurisdiction is conferred by 28 U.S.C. §1331 and §1343.

8.      Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. §1367.

9.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district, because Defendants conduct business in this district, and because a substantial part of the acts, conduct and/or omissions giving rise to the claim set forth herein occurred in this judicial district.  Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal conduct by Defendants, as set forth herein. At all times material hereto, Plaintiff was working out of Defendants' Fort Washington address.

**II.  Operative Facts.**

10.      On or about May 1, 2016, Defendants hired Plaintiff as a team member.

11.      Beginning in or around February of 2021, Plaintiff became the target of severe and pervasive sexual harassment by one of Defendants' employees, Jonathan.

12.      Jonathan repeatedly touched Plaintiff's arms and shoulders in a sexual manner, with Plaintiff each time making it clear to Jonathan that this touching was unwanted.

13.      On one occasion, Jonathan grabbed Plaintiff from behind, under her breasts.

14.     On another occasion, Jonathan grabbed Plaintiff by the waist again, this time while facing Plaintiff, and pressed his lower body against Plaintiff.

15.     On another occasion, Jonathan grabbed Plaintiff's breasts.

16.     Each time, Plaintiff rebuffed Jonathan and told him his behavior was harassment and was inappropriate.

17.     Plaintiff made complaints to Defendants regarding Jonathan's behavior, but was told that it was an "isolated incident."

18.     Jonathan was then moved to second shift; however, Plaintiff was still forced to interact with Jonathan during her work day.

19.     Plaintiff additionally witnessed Jonathan aggressively sexually harassing other female employees, and even female customers of Defendants.

20.     Plaintiff continued to make complaints with Defendants regarding Jonathan's behavior, for approximately six (6) months while Jonathan's conduct was allowed to continue unchecked.

21.     Plaintiff as well as the other female employees of Defendants were subjected to severe and pervasive sexual harassment and a hostile work environment due to Jonathan, and Defendants failed in their duty to rectify the situation or otherwise take action to protect their employees.

22.     At all times material hereto, Defendants created and maintained a hostile work environment that Plaintiff was subjected to and required to work in and around.

23.     At all times material hereto, Defendants fostered an atmosphere of tolerance for sexual harassment of women, including Plaintiff, within Defendants' place of business.

3

24.     As a direct and proximate result of Defendants' conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

## III.  Causes of Action.

### COUNT I
### VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Hostile Work Environment; 42 U.S.C.A. § 2000 et seq)

25.     Plaintiff incorporates paragraphs 1-24 as if fully set forth at length herein.

26.     Defendants employed fifteen (15) or more employees from 2020 through 2022.

27.     As described above, Plaintiff was subjected to unwelcome sexual advances, language, physical touching, and/or other conduct, all by her co-worker, Jonathan, all while being employed by Defendants.

28.     The aforementioned actions and conduct were severe, pervasive and continuous, and created a hostile work environment for Plaintiff.

29.     Plaintiff complaint about the hostile work environment, yet nothing was done to fix the situation.

30.     Defendants' conduct, as set forth above, violated Title VII of the Civil Right Act of 1964.

31.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages including by not limited to: great economic loss, future lost earning capacity, lost opportunity, lost future wages, loss of front pay and back pay, as well as emotional distress, humiliation, personal injury type damages, pain and suffering, consequential damages, as well as a work loss, loss of opportunity and a permanent diminution of her earning power and capacity, and a claim is made therefore.

**COUNT III**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**(P.S. §951, et sec)**

32.     Plaintiff incorporates paragraphs 1-31 as if fully set forth at length herein.

33.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,., an employer may not discriminate against an employee based sex.

34.     Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

35.     Defendants are "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

36.     As described above, Plaintiff, in the course and scope of her employment, was subjected to a sexually harassing and hostile work environment.

37.     Defendants failed to remedy the sexual harassment despite actual or constructive knowledge.

38.     Defendants' conduct constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

39.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

40.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. Plaintiff demands attorneys fees and court costs.

**IV. Relief Requested.**

**WHEREFORE,** Plaintiff ANTOINETTE MAULDIN demands judgment in her favor and against Defendants jointly and severally, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.  Punitive damages;

C.  Attorneys fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard,  Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Antoinette Mauldin

Date:   8/15/2022

# EXH. A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Cleveland Field Office**
1240 E 9th St, Suite 3001
Cleveland, OH 44199
(216) 306-1120
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/18/2022

**To:** Ms. Antoinette Mauldin
265 N. Lansdowne Ave. Apt. 1
Lansdowne, PA 19050

Charge No: 530-2021-05120 Antionette Mauldin vs Wawa

EEOC Representative and email:    Legal Unit
(267) 589-9707

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2021-05120.

Please retain this notice for your records.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
05/18/2022

Karen McDonough
Acting Director Cleveland Field Office

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 530-2021-05120 to the District Director at Jamie Williamson, 801 Market St Suite 1000

Philadelphia, PA 19107.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.